UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL LAMPON-PAZ,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br><br>Defendants. | Civ. No. 17-6395 (KM) (JBC)<br><br>OPINION and ORDER |

### KEVIN MCNULTY, U.S.D.J.:

### I. Background

The *pro se* plaintiff, Manuel Lampon-Paz, has filed a complaint and "emergency request for injunction" (ECF no.1) against the United States Department of Justice and Department of Homeland Security. The filing was not accompanied by a filing fee; simultaneously herewith, I am signing an order granting the plaintiff *in forma pauperis* status. A summons has not yet issued, however, and the defendants have not yet answered the complaint.

The complaint alleges that "[t]he defendants have refused to let my product pass through customs." Mr. Lampon-Paz alleges that he has ordered medications online from a Mexican pharmacy website. He states that he will refer to these medications as "product" because "I don't have a prescription for them." He says he needs them for ailments such as "a broken back, fibromyalgia, joint and muscle pain."

The complaint attaches invoices and an email from the Mexican website confirming that the items were ordered and stating that they were shipped as of July 27, 2017.

The products ordered are

1. Supratest 400 (testosterone enthanate & cipionate)

2. AndroTest 250 mg 10 ml (4/testosterone esters)

3. IGF-1 LR3 1200mcg

The complaint cites 18 U.S.C. § 242 (deprivation of rights under color of law). That is a criminal statute, which does not contain a private right of action; rather than dismiss the claim, I will assume that this *pro se* plaintiff intended to cite section 242's civil analogue, 18 U.S.C. § 1983, or to assert a *Bivens* claim.[1] "Invasion of privacy" may be intended as a constitutional or ordinary tort claim.

The plaintiff alleges that "[i]t is my belief that the defendants' actions are partially due to my civil lawsuits in different matters."[2] He demands "that the defendants release my medications and let them be delivered immediately and that future shipments not be stopped."

## II. Discussion

I interpret the "emergency request" as an application for a temporary restraining order, or possibly a preliminary injunction. An injunction *pendente lite* requires that a plaintiff demonstrate that (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting

---

[1] *Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972).

[2] A search of the electronic filing system reveals that Mr. Lampon-Paz has filed nine prior actions in this court, all but one of them against federal agencies:

| | |
|---|---|
| *12-cv-04485-WJM-MF* | *LAMPON-PAZ et al v. DEPT. OF HOMELAND SECURITY* |
| *13-cv-05757-WJM-MF* | *LAMPON-PAZ v. DEPARTMENT OF HOMELAND SECURITY* |
| *15-cv-05594-KM-MAH* | *LAMPON-PAZ v. GOOGLE INC.* |
| *15-cv-05835-KM-JBC* | *LAMPON-PAZ v. OFFICE OF PERSONNEL MANAGEMENT* |
| *16-cv-05052-KM* | *LAMPON-PAZ v. COMMISSIONER OF SOCIAL SECURITY* |
| *16-cv-08650-KM-MAH* | *LAMPON-PAZ v. OFFICE OF PERSONNEL MANAGEMENT* |
| *16-cv-09071-KM-JBC* | *LAMPON-PAZ v. DEPARTMENT OF JUSTICE* |
| *16-cv-09537-KM* | *LAMPON-PAZ v. COMMISSIONER OF SOCIAL SECURITY* |
| *17-cv-02044-KM-MAH* | *LAMPON-PAZ v. DEPARTMENT OF TREASURY* |

2

the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1988) (preliminary injunction); *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (same factors apply to a temporary restraining order).

The plaintiff's application does not address these factors, nor does it contain a sworn declaration as to the underlying facts. I overlook these procedural defects and discuss the relevant factors.

*Likelihood of success.*

A § 1983 claim requires proof of first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). No representative of a State is implicated by these allegations.

A *Bivens* constitutional tort claim against agents of the United States may have been intended. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971). The Complaint refers to "privacy." The theory presumably would be that the Customs officials searched or seized a package in violation of the Fourth Amendment. The U.S. Customs authorities have broad authority to inspect packages crossing the border without a warrant or a showing of probable cause. *United States v. Glasser*, 750 F.2d 1197, 1203 (3d Cir. 1984); *see also United States v. Ramsey*, 531 U.S. 606 (1977). No constitutional "privacy" violation is apparent.[3]

---

[3] Invasion of privacy might be viewed as a state-law tort. The state tort may encompass various forms of conduct. In general, "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Bisbee v. John C. Conover Agency, Inc.*, 186 N.J. Super. 335, 339, 452 A.2d 689, 691 (App. Div. 1982) (quoting Restatement of Torts 2d § 652B at 378 (1977)). No facts are alleged that would reasonably establish that the government violated any recognized privacy right here.

3

Alternatively, the Complaint might be liberally construed as a tort claim against the United States under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346(b), subject to the exceptions of 28 U.S.C. § 2680(c). The FTCA, however, confers district court jurisdiction over an action "for money damages"; this action, and certainly this application, seeks injunctive relief, which is not available under the FTCA. *See Michtavi v. United States*, 345 F. App'x 727, 730 (3d Cir. 2009) (citing *Hatahley v. United States*, 351 U.S. 173, 182 (1956)); *CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008), as amended (Sept. 29, 2008)(a claim under the FTCA must be for money damages).

Setting aside the threshold issue of finding an appropriate cause of action, I briefly consider the factual allegations. The plaintiff has placed an online order to a Mexican pharmacy; the package has not arrived. There is no factual showing that agents of the government—as opposed to, say, the negligent or fraudulent behavior of someone else—are to blame. Nor is there any showing that the government's interdiction of such a shipment—assuming it occurred—would not be legally proper. Finally, there is no evidence at all that anyone interfered with a shipment in retaliation for the plaintiff's many lawsuits.

*Irreparable harm.*

The plaintiff alleges that he orders these drugs from an online Mexican pharmacy "due to the better quality and cheaper expense."

As to superior quality, there is no showing whatever.

That leaves the claim that the Mexican drugs are cheaper than their domestic counterparts. To require an injunction, the "feared injury or harm must be irreparable—not merely serious or substantial," and it "must be of a peculiar nature, so that compensation in money cannot atone for it." *See Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91–92 (3d Cir. 1992). The claim that plaintiff will lose the benefit of discounted pricing is quintessentially one that can be redressed in damages. As for the loss of the shipment itself, the damages are easily quantifiable: the invoice is in the amount of $635.00.

4

Nor is there any showing of medical necessity. The plaintiff ordered Supratest 400 (testosterone enthanate & cipionate); AndroTest 250 mg 10 ml (4/testosterone esters) and IGF-1 LR3 1200mcg. Such drugs are commonly used by bodybuilders. The plaintiff states, however, that he needs them to treat a broken back, fibromyalgia, joint and muscle pain. There is no evidence that any medical professional has ever prescribed such drugs; indeed, the plaintiff admits that he has no prescription for them, and does not allege that he has even tried to obtain one in the U.S. His self-prescription of these medications is an inadequate basis for a conclusion that they are medically necessary.

Evidence of irreparable harm is lacking.

*Harm to defendant, public interest*

Because there is no sufficient showing as to factors 1 and 2, and lacking an adversary presentation of the issues, I do not discuss factors 3 and 4. I note, however, that plaintiff has placed the government on notice that "the products will be used *and distributed* as the plaintiff sees fit." (Letter, ECF no. 3) Distribution, of course, might pose a host of legal and public interest issues, which I do not explore here.

## ORDER

For the reasons set forth above,

IT IS this 12th day of September, 2017

ORDERED that the plaintiff's "emergency request for injunction" (ECF no.1) is DENIED.

KEVIN MCNULTY
United States District Judge